UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMIE ALLEN, RANIA ALLEN, and MARCUS ALLEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 4:15-cv-1657 ) ) **JURY TRIAL DEMANDED** |
| CITY OF FERGUSON, MISSOURI, OFFICER BROWN (DSN 591), OFFICER BAKER (DSN 581), & LT. BALLARD, | ) ) ) ) |
| Defendants. | ) ) |

## *MEMORANDUM IN SUPPORT OF CITY OF FERGUSON DEFENDANTS' MOTION TO DISMISS*

COME NOW Defendants City of Ferguson ("City"), and Officers Baker and Brown and Lt. Ballard ("Officers"), collectively the City of Ferguson Defendants, by and through their attorneys, and for their Memorandum in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and Local Rule 7-4.01(A) state as follows:

**LAW**

Rule 8(a)(2), Fed.R.Civ.P., provides a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context").

Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim "that is plausible on its face." *Twombly*, 550 U.S. at 570.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 at 678). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. In support of any type of cause of action, a plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully harmed-me accusation." *Id*. at 678. This tenet is especially true in cases involving government entities given the potential application of an immunity defense. *Id*. at 685.

## PROCEDURAL HISTORY

On September 11, 2015, Plaintiffs filed their Petition against the Defendants in the Circuit Court of St. Louis County, Missouri (15SL-CC03130). On November 4, 2015, the Defendants filed a Notice of Removal with this Court pursuant to 28 U.S.C. 1441(a). In their Petition, the Plaintiffs purported to allege causes of action against the Defendants for various events and occurrences alleged to have taken place on April 21, 2011.

Specifically, Plaintiffs appear to allege the following counts:

- Count I:   Warrantless Entry and Search (Defendant City and Defendant Officers)
- Count II:  Unlawful Arrest (Defendant City and Defendant Officers)
- Count III: Malicious Prosecution (Defendant City and Defendant Officers)
- Count IV: Loss of Consortium (Defendant City and Defendant Officers)
- Count V:  Malicious Trespass (Defendant City and Defendant Officers)

Plaintiffs request damages, including punitive damages and attorney's fees.  Plaintiffs also request, at the conclusion of Count I (Warrantless Entry and Search)  "An Order preliminarily and permanently enjoining the City's misrepresentation of a "wanted" as the equivalent of a duly-authorized "search warrant" under the Fourth Amendment" and "An Order appointing Rufus J. Tate, Jr., as compliance monitor over the City of Ferguson's warrantless residential entry practices and procedures for a period of five (5) years or until such time as the Court determines that the City of Ferguson has fully and effectually trained all of its police officers on the constitutional requirements of entry into a residence in order to conduct a search or investigation."

At the conclusion of Count V (Malicious Trespass), Plaintiffs request "A Declaration that City police officers' knowledge of a "wanted" is not possession of a "warrant" for purposes of conducting a warrantless residential search and seizure", "An Order preliminarily and permanently enjoining the City of Ferguson, its employees, agents or those working in concert with it from misrepresenting their knowledge of a "wanted" as possession of a "warrant" and "An order preliminarily and permanently enjoining the City of Ferguson, its employees, agents or those working in concert with it from detaining Mother or any other citizen without probable cause to believe that any occupant therein had committed a crime."

This Memorandum in Support will address several issues regarding deficiencies in the Petition and request dismissal of particular allegations included in Plaintiffs' Petition in the following order:

I) Count III fails to state a claim upon which relief may be granted and should be dismissed due to qualified immunity and because the law was not clearly established that the Eighth Circuit recognized malicious prosecution as a constitutional injury.

II) Count V regarding a state claim for malicious trespass fails to state a claim upon which relief may be granted.

III) Claims against Defendants Baker, Brown and Ballard in their official capacities are redundant to claims made against the City and should be dismissed;

IV) Plaintiffs' request for declaratory judgment and injunctive relief should be dismissed due to lack of any actual controversy, due to mootness, and due to a lack of ripeness.

## ARGUMENT

**I. Count III fails to state a claim upon which relief may be granted as on April 21, 2011, federal law was not clearly established that Defendants' alleged conduct violated Plaintiffs' right to be free from malicious prosecution as a constitutional injury.**

A. *The Eighth Circuit has not recognized malicious prosecution as a cause of action under Section 1983.*

The Eleventh Circuit Court of Appeals has stated: "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). The elements of malicious prosecution under Missouri law are sixfold: (1) the commencement of a judicial proceeding against the plaintiff; (2) the instigation of the suit by the defendant; (3) the

termination of the proceeding in plaintiff's favor; (4) the absence of probable cause for the suit; (5) malice by the defendant in instituting the suit; and (6) resulting damage to the plaintiff. *Joseph H. Held & Associates, Inc. v. Wolff*, 39 S.W.3d 59, 62–63 (Mo. App. E.D. 2001) (citing *Stafford v. Muster*, 582 S.W.2d 670, 675 (Mo. banc 1979) and MAI 23.07 (1980 Revision)). Police officers furnishing only honest assistance information to a prosecuting attorney cannot be held liable unless he knowingly gave false information. *Palermo v. Cottom*, 525 S.W.2d 758, 763 (Mo. App. 1975).

However, the Eighth Circuit has not yet recognized such a cause of action. *See Harrington v. City of Council Bluffs*, Iowa, 678 F.3d 676, 681 (8th Cir. 2012). The most recent Eighth circuit case to discuss malicious prosecution as a constitutional cause of action is *Bates v. Hadden*. 576 F. App'x 636, 638 (8th Cir. 2014). In *Bates*, the court cites to earlier decisions where it found malicious prosecution was not a constitutional injury. *Id.* See *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir.2001) ("Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir.2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury.").

  B. *Defendant Officers are shielded from liability by the doctrine of qualified immunity.*

This Court need not address whether the Eighth Circuit would recognize malicious prosecution as a constitutional injury arising § 1983 because the law was not clearly established April 21, 2011. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). "Qualified immunity shields an

officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* Qualified immunity shields public officials and reduces "the risks that fear of personal monetary liability and harassing litigation will unduly inhibit [public] officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Law-enforcement officers should not, on pain of having to pay damages out of their own pockets, be required to anticipate how appellate judges will apply maxims of constitutional adjudication about which even those judges sometimes disagree … it would be unworkable." *McCurry v. Tesch*, 824 F.2d 638, 642 (8th Cir. 1987).

The applicability of qualified immunity is a question of law and, "the burden is on the plaintiff to plead and, if presented with a properly supported motion for summary judgment, to present evidence from which a reasonable jury could find the defendant officer has violated the plaintiff's constitutional rights." *Moore v. Indehar*, 514 F.3d 756, 764 (8th Cir. 2008). There is a two-part inquiry to determine whether a § 1983 action can proceed in the face of an assertion of qualified immunity. *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009). The first part is whether the government official's conduct violated a constitutional right. *James ex rel. James v. Friend*, 458 F.3d 726, 730 (8th Cir. 2006); *Burton v. Richmond*, 370 F.3d 723, 727 (8th Cir. 2004). The second part is to determine whether the right was clearly established. *James*, 458 F.3d at 730; Burton, 370 F.3d at 727. If the answer to either question is no, then the officer is entitled to qualified immunity. *Keil v. Triveline*, 661 F.3d 981, 985 (8th Cir. 2011). The Court

must exercise its sound discretion in deciding which of these two parts should be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Public officials sued under § 1983 "are entitled to qualified immunity for actions that did not violate a clearly established constitutional right at the time of the alleged violation such that reasonable officials acting in the officials' position would not have understood they were violating that right." *Harrington v. City of Council Bluffs, Iowa*, 678 F.3d 676, 680 (8th Cir.2012). "A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Winslow v. Smith,* 696 F.3d 716, 738 (8th Cir.2012). Qualified immunity "allows officers to make reasonable errors so they do not always 'err on the side of caution'" for fear of being sued. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996) (internal citation omitted). Qualified immunity provides "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). "Although the defendant bears the burden of proof for this affirmative defense [of qualified immunity], the plaintiff must demonstrate that the law was clearly established." *Smith v. City of Minneapolis*, 754 F.3d 541, 546 (8th Cir. 2014).

As explained above, the law was not clearly established that Plaintiffs had a claim for malicious prosecution arising under Section 1983 giving rise to a constitutional injury. In fact, the Eighth Circuit's decision in *Bates* is strong rationale that no such right or cause of action existed in 2011. For that reason, the Defendant officers are entitled to qualified immunity as the law was not clearly established and no violation occurred. Count III of Plaintiff's Petition should be dismissed.

C. *Plaintiffs have failed to state a cause of action against the City of Ferguson, as the law was not clearly established on April 21, 2011, that malicious prosecution was a recognized federal cause of action under Section 1983.*

A municipality may not be liable under § 1983 if the officer(s) did not commit a constitutional tort against the Plaintiff. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007). Plaintiffs have failed to show any underlying constitutional violation. *See supra.* Additionally, the City is entitled to dismissal because the law was not clearly established that that malicious prosecution was a recognized federal cause of action under Section 1983.

## II. Allegations against the Defendants malicious trespass should be dismissed for failure to state a claim upon which relief may be granted as Plaintiffs' fail to allege each and every single element of the claim.

Section 537.330 RSMo states "If any person shall maliciously or wantonly damage or destroy any personal property, goods, chattels, furniture or livestock, the person so offending shall pay to the party injured double the value of the things so damaged or destroyed; and upon an affidavit that said damage or destruction was wantonly or maliciously done, it shall be a good ground for an attachment to issue, as in other cases by attachment." Mo.Rev.Stat. § 537.330.

This statute "applies only to 'personal property, goods, chattels, furniture or livestock,' and a Missouri appellate court has interpreted the statute to include intangible property. The statute, by its very wording, does not apply to real property. *See Id.* at 600." *Myers v. Sander*, No. 4:13CV2192 CDP, 2014 WL 409081, at *4 (E.D. Mo. 2014) (citing *See Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 599 (Mo.Ct.App.2000) and Mo.Rev.Stat. § 537.330)

Plaintiffs make no effort to identify what intangible property was interfered with without their consent or license. Instead, they merely make conclusory statements that Defendants lied in order to conduct a warrantless search and seizure, and thereby interfered with intangible property. Plaintiffs also make a claim that Defendants detained "Mother" in her automobile without probable cause and that in doing so, they "maliciously or wantonly damaged or destroyed" Plaintiffs' property rights and interests. Again, Plaintiffs do not allege what property right or interest was damaged or destroyed. Plaintiffs also do not allege what actions specifically made by the officers led to malicious or wanton damage. Plaintiffs fail to allege any facts which support their allegation that any property, tangible or intangible was damaged or destroyed which is insufficient to state a plausible claim for malicious trespass. Plaintiffs' claims in Count V should be dismissed against all Defendants.

III. **Claims against the Defendant Officers based on federal law and in their official capacities are redundant to claims made against the City and should be dismissed.**

Plaintiffs have purportedly named Defendants Baker, Brown and Ballard in their official capacities. *See* Pet. ¶¶ 5, 6, 7.

A claim against an individual in their official capacity, where a claim has been raised against the actual entity, is redundant and should be dismissed. *See Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). In *Artis*, the Eighth Circuit affirmed the District Court's dismissal of a public official not specifically sued in his individual capacity where the School District was already sued as the claim was "redundant." *Id*.

Here, Plaintiffs' federal claims against Defendants Baker, Brown and Ballard should be dismissed as redundant against claims against the City of Ferguson.

IV. **Plaintiffs' request for declaratory judgment and injunctive relief should be dismissed due to lack of an actual controversy, due to mootness, and due to a lack of ripeness.**

Plaintiffs request, "An Order preliminarily and permanently enjoining the City's misrepresentation of a "wanted" as the equivalent of a duly-authorized "search warrant" under the Fourth Amendment" and "An Order appointing Rufus J. Tate, Jr., as compliance monitor over the City of Ferguson's warrantless residential entry practices and procedures for a period of five (5) years or until such time as the Court determines that the City of Ferguson has fully and effectually trained all of its police officers on the constitutional requirements of entry into a residence in order to conduct a search or investigation."

Plaintiffs also request "A Declaration that City police officers' knowledge of a "wanted" is not possession of a "warrant" for purposes of conducting a warrantless residential search and seizure", "An Order preliminarily and permanently enjoining the City of Ferguson, its employees, agents or those working in concert with it from misrepresenting their knowledge of a "wanted" as possession of a "warrant" and "An order preliminarily and permanently enjoining the City of Ferguson, its employees, agents or those working in concert with it from detaining Mother or any other citizen without probable cause to believe that any occupant therein had committed a crime." For the reasons stated below, no actual controversy exists and these requests for relief should be dismissed.

The Declaratory Judgment Act provides that any federal court, "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought. *Maytag Corp. v. International Union, United Auto., Aerospace & Agricultural Implement Workers of America*, 867 F.3d 1076, 1081 (8th Cir. 2012); 28 U.S.C. § 2201(a). The phrase "case of actual controversy" in § 2201 refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III. *Id.* (internal quotations and citation omitted). There must be a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id.* (internal quotations and citation omitted). In the declaratory judgment context, the difference between an abstract question and an Article III case or controversy

> is necessarily one of degree, and it would be difficult ... to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Two varieties of mootness exist: Article III mootness and prudential mootness. *Ali v. Congemi*, 419 F.3d 722, 723–24 (8th Cir. 2005); *see also Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (stating under the prudential mootness doctrine, "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies").

An exception to the mootness doctrine applies where the following two circumstances are simultaneously present: 1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and 2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Smith v. Hundley*, 190 F.3d 852, 855

(8th Cir. 1999) (no indication inmate was likely to be transferred back to the prison that had imposed the challenged conditions); *see also Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009) (same). The mere possibility an individual might be subject to the same conditions again in the future are too speculative a basis to bring claims within the exception of the mootness doctrine. *See id.*; *c.f. Helling v. McKinney*, 509 U.S. 25, 35 (1993) (state prisoner, incarcerated at the time of the claims, who claimed involuntary exposure to environmental tobacco smoke showed prospective relief may be appropriate on a claim regarding conditions of confinement where a plaintiff shows an unreasonable risk of serious damage to his future health).

The United Supreme Court has addressed the issue of future unconstitutional encounters with police in the *Lyons* case. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. . . if unaccompanied by any continuing, present adverse effects." *Id.* at 102 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)); *see also Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (finding no constitutional standing where claim rested upon "what one or a small, unnamed minority of policemen might do to them in the future because of that unknown policeman's perception" of departmental procedures). In *Lyons*, the U.S. Supreme Court rejected a plaintiff's argument that he would have a future unconstitutional encounter with the police. *Lyons*, 461 U.S. at 97–98.

The Supreme Court's decision in *Rizzo v. Goode* is also controlling on this issue. 423 U.S. 362 (1976). In *Rizzo*, plaintiffs raised a class action suit in federal court on behalf of minority citizens and Philadelphia residents against the Mayor, City Managing Director, and Police Commissioner. *Id.* at 367. Plaintiffs alleged "a pervasive pattern of illegal and

unconstitutional police mistreatment of minority citizens in particular and Philadelphia residents in general. *Id.* at 374. Finding "that the principles of equity nonetheless militate heavily against the grant of an injunction except in the most extraordinary circumstances[,]" the Supreme Court reversed the District Court's requirement that defendants "submit to (the District) Court for its approval a comprehensive program for improving the handling of citizen complaints alleging police misconduct" in accordance with the District Court's opinion. *Id.* at 365, 379.

Here, Plaintiffs do not allege they will ever be subject to the same action again. As explained above, even the mere possibility that they might be subject to the same conduct against is hypothetical and does constitute an exception under the mootness doctrine. Plaintiffs' do not make allegations of future harms and therefore their claims are not justiciable, are moot, and lack ripeness. In addition, Plaintiffs do not allege all police officers in Ferguson always use a "wanted" against any citizen they encounter. Accordingly, Defendants respectfully request that this Court dismiss Plaintiffs' request for declaratory and injunctive relief.

WHEREFORE, Defendants respectfully and jointly move this Court dismiss Plaintiffs' claims consistent with the above for failures to state any claim upon which relief may be granted, and for such further relief as this Court deems just and proper.

*s/Peter J. Dunne*
Peter J. Dunne   #31482MO
Robert T. Plunkert    #62064MO
Ida S. Shafaie  #66220
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

A copy of the foregoing filed electronically with the Clerk of the Court this 4th day of November, 2015, to be served by operation of the Court's electronic filing system upon the following: **Rufus J. Rate, Jr.**, Attorney for Plaintiffs, 7751 Carondelet, Suite 803, Clayton, MO 63105, tatelawfirm@gmail.com.

*/s/Peter J. Dunne*
