UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE ALLEN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:15 CV 1657 RWS |
| | ) | |
| CITY OF FERGUSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendants City of Ferguson, Missouri ("City"), and Officers

Baker and Brown, and Lieutenant Ballard ("Officers")'s motion to dismiss certain of Plaintiffs'

claims and parties in this case brought under 28 U.S.C. § 1982.  Plaintiffs Jimmie, Raina, and

Marcus Allen allege that Defendants violated their Fourth and Fourteenth Amendment rights and

committed related torts during a warrantless search of Jimmie and Raina Allen's residence and

subsequent arrests and prosecution.  For the reasons that follow, I will grant Defendants' motion

to dismiss.

## Legal Standard

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as

true all factual allegations in the complaint and view them in the light most favorable to the

plaintiff.  *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While a court must accept factual

allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

<u>**Discussion**</u>

Plaintiffs allege that on April 21, 2011, Defendant Officers conducted a warrantless search and seizure at the home of Jimmie and Raina Allen, parents to son Marcus Allen, for whom the City of Berkeley has issued a "wanted." Plaintiffs allege that the Officers misrepresented to Jimmie Allen that they had a warrant when they asked to search the house for Marcus, used excessive force in arresting Marcus when he was found at the residence, unlawfully arrested Jimmie Allen and used excessive force in doing so when he voiced concern about the arrest of his son, and that Raina Allen was detained in her car in the driveway of the home while all this was happening. Both Jimmie and Marcus Allen were charged with criminal violations. In November 2013, Jimmie (the father) was acquitted of all charges, while the City dropped its charges against Marcus (the son).

Plaintiffs bring the following claims, each against all Defendants: Count I: Warrantless Entry and Search; Count II: Unlawful Arrest; Count III: Malicious Prosecution; Count IV: Loss of Consortium; and Count V: Malicious Trespass. Plaintiffs seek monetary damages and request declaratory judgment and injunctive relief.

Defendants seek to dismiss certain of Plaintiffs claims and certain parties. Defendants first seek to dismiss Count III: Malicious Prosecution, because at the time of the alleged events, federal law was not clearly established that Defendants' alleged conduct violated Plaintiffs' right to be free from malicious prosecution as a constitutional injury. In response, Plaintiffs agree to

waive any claim for malicious prosecution arising under federal law, but maintain their claim for malicious prosecution under Missouri law.  In reply, Plaintiffs confirm that they do not move to dismiss the claim to the extent it is brought under Missouri law.  As a result, while Plaintiffs' claim under Missouri law will survive, to the extent that Plaintiffs' complaint alleges malicious prosecution under federal law, the claim will be dismissed.

Next, Defendants seek to dismiss for failure to state a claim Count V: Malicious Trespass, because Plaintiffs have not alleged interference with a valid property interest.  Section 537.330 of Missouri Revised Statutes provides:

> If any person shall maliciously or wantonly damage or destroy any personal property, goods, chattels, furniture or livestock, the person so offending shall pay to the party injured double the value of the things so damaged or destroyed; and upon an affidavit that said damage or destruction was wantonly or maliciously done, it shall be a good ground for an attachment to issue, as in other cases by attachment.

Mo. Rev. Stat. § 537.330.  This statute "applies only to 'personal property, goods, chattels, furniture or livestock,' and a Missouri appellate court has interpreted the statute to include intangible property.  The statute, by its very wording, does not apply to real property." *Myers v. Sander*, No. 4:13CV2192 CDP, 2014 WL 409081, at *4 (E.D. Mo. 2014) (citing *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 599 (Mo. Ct. App. 2000)).

Plaintiffs have not alleged what tangible or intangible property was interfered with.  Because it is well-established that the malicious prosecution statute does not apply to real property, there cannot be a claim for malicious trespass based on Defendants' alleged unlawful entry of Jimmie and Raina Allen's home.  *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 599 (Mo. Ct. App. 2000).

Without citing any authority, Plaintiffs argue that "[t]he intangible property interest is clearly the right to be free from unreasonable search and seizure as recognized by the state

constitution" and that the complaint "clearly states that Defendants 'lied' about their possession of a 'warrant' in order to gain access to the residence." An alleged violation of a constitutional right, however, is not a claim for interference with an intangible property right under Missouri's malicious trespass statute. Missouri's constitutional provisions are not self-executing, or, in other words, do not automatically imply a private cause of action. *Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. App. E.D. 1997). And the Missouri legislature has not provided for such a private cause of action to be brought. Instead, in describing the types of property that the statute does apply to, the Missouri Court of Appeals for the Eastern District has explained that it covers personal property, which is "defined as any 'movable or intangible thing that is subject to ownership and not classified as real property.'" *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 600 (Mo. App. E.D. 2000) (citing Black's Law Dictionary 1233 (7th ed.1999)). The court also stated that trespass to personal property amounts to a "wrongful taking of chattels" and a chattel is "movable or transferrable property." *Id.*; *see also Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 511-12 (D.C. Cir. 2009) (finding that claims for trespass to intangible chattels refer to "documents such as negotiable checks and stock certificates—items in which the property is entirely merged with a document") (internal citations omitted)). Accordingly, because Plaintiffs have not alleged than any tangible or intangible property interest covered by Mo. Rev. Stat. § 537.330 was interfered with, I will dismiss Count V: Malicious Trespass, from the complaint.

Defendants next argue that the claims against the Officers in their official capacities should be dismissed because they are redundant of the claims brought against the City. Plaintiffs concede that *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998), is valid "insofar as it relates to claims against Defendant officers sued in their

'official capacity'" but argue that in this case, each Officer was also sued in his individual capacity. The fact that Plaintiff named the Officers in both official and individual capacities does not alter the redundancy of the official capacity claims. As a result, while Plaintiffs' claims against the Officers in their individual capacities will remain, I will dismiss the claims to the extent the Officers were sued in their official capacities.

Finally, Defendants argue that Plaintiffs' request for declaratory judgment and injunctive relief should be dismissed due to lack of standing and lack of an actual controversy.[1] Plaintiffs alleged that the City has a custom or practice of conducting warrantless searches and its officers have a practice of lying to residents in order to obtain consent to effectuate a search. Plaintiffs argue that these alleged actions conclude before there can be any meaningful review because of the nature of the alleged offense itself – evading pre-deprivation judicial review – and therefore the request for declaratory and injunctive relief is justified.

The declaratory and injunctive relief that Plaintiffs request is for, "An Order preliminarily and permanently enjoining the City's misrepresentation of a 'wanted' as the equivalent of a duly-authorized 'search warrant' under the Fourth Amendment" and "An Order appointing Rufus J. Tate, Jr., as compliance monitor over the City of Ferguson's warrantless residential entry practices and procedures for a period of five (5) years or until such time as the Court determines that the City of Ferguson has fully and effectually trained all of its police officers on the constitutional requirements of entry into a residence in order to conduct a search or investigation." Plaintiffs also request "A Declaration that City police officers' knowledge of a 'wanted' is not possession of a 'warrant' for purposes of conducting a warrantless residential search and seizure", "An Order preliminarily and permanently enjoining the City of Ferguson, its

---

[1] Defendants also originally argued that Plaintiffs request for declaratory judgment and injunctive relief should be dismissed for mootness and lack of ripeness, but then abandoned those arguments in their reply brief.

employees, agents or those working in concert with it from misrepresenting their knowledge of a 'wanted' as possession of a 'warrant' and "An order preliminarily and permanently enjoining the City of Ferguson, its employees, agents or those working in concert with it from detaining Mother or any other citizen without probable cause to believe that any occupant therein had committed a crime."

To establish an actual case or controversy, a plaintiff must "show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). In order to establish constitutional standing, Plaintiffs must show there is an injury in fact, a causal link between their injuries and Defendants' conduct, and redressability. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-103 (1998). An injury in fact is an injury that is concrete, actual or imminent, and not merely hypothetical. *Id.* at 103.

Plaintiffs argue that "there is nothing before the Court that reasonably suggests that Plaintiffs are somehow *less likely* than any other individual driving through the City of Ferguson to be stopped without a warrant and/or lied to to gain entry into a residence to conduct a warrantless search without consent." Plaintiffs' argument, then, rests on what the City and/or its police officers might do to them, as general members of the Ferguson population or neighboring community, in the future. Attempting to anticipate whether and when Plaintiffs will be subject to an unlawful search and/or seizure, and/or charged with a crime, and/or maliciously prosecuted goes into "the area of speculation and conjecture" that is insufficient to establish standing for injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). Additionally, Plaintiffs' have failed to demonstrate that their request for a declaratory judgment that "City police officers'

knowledge of a 'wanted' is not possession of a 'warrant' for purposes of conducting a warrantless residential search and seizure" is judicially cognizable. As the United States Supreme Court has stated, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984).

While it is undisputed that Plaintiffs state an actual case or controversy in regards to their claims based on the past conduct they were allegedly subject to, Plaintiffs have not shown that I have jurisdiction to hear their requests for declaratory judgment and injunctive relief. As a result, Plaintiffs allegations in support of their requests for declaratory judgment and injunctive relief are insufficient to establish standing or the existence of an actual case or controversy and those claims will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Ferguson, Missouri, Officers Baker and Brown, and Lieutenant Ballard's motion to dismiss #[7] is **GRANTED**. Plaintiffs shall file an amended complaint pursuant to the terms of this Order by no later than **January 29, 2016**.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2016.